IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
[illegible stamp]
2002 FEB 20  P 12: 28

[illegible]
DEPUTY

| | | |
|---|---|---|
| MELVYN CONNOR, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No.: JFM-02-538 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| GIANT FOOD, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## OPINION

Plaintiff Melvyn Connor has instituted this action against Giant Food, Inc. ("Giant")[1]

alleging racially disparate treatment and a hostile work environment in violation of Title VII of

the Civil Rights Act of 1964 and 42 U.S.C. § 1981, discrimination under the Age Discrimination

in Employment Act ("ADEA"), quantum meruit, discrimination under the Maryland Human

Relations Act, intentional infliction of emotional distress, negligent infliction of emotional

distress, wrongful termination and breach of contract. Defendant now moves for summary

judgment on all counts. The motion will be granted.

---

[1] Connor has also asserted claims against several of Giant's employees. Those defendants are entitled to summary judgment for the reasons stated in the accompanying opinion in Carson v. Giant Food, Inc., JFM-96-2882. That opinion also addresses Connor's hostile work environment claims under Title VII and section 1981 and state law claims against Giant, in addition to global arguments made by Connor and other Plaintiffs concerning the early right-to-sue notices issued to them by the Equal Employment Opportunity Commission and the viability of applying the continuing violation doctrine. Thus, this opinion focuses only on Connor's disparate treatment claims under Title VII and section 1981 and his ADEA claim.

I.

Melvyn Connor was hired by Giant as a vacation relief worker at Giant's Jessup,

Maryland warehouse in April 1984.[2]  Connor was hired into a permanent position as a dockman

in the Jessup warehouse in October 1984.  Connor was in his late-40s at the time he was hired.

Throughout his employment at Giant, Connor has been a member of the International

Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 922

("Local 922").

On August 9, 1995 Connor was terminated.  A series of events led to his termination.  On

February 18, 1993, Connor received a disciplinary notice for "insubordination, threats, coercion,

[and] intimidation."  (Disciplinary Notice, Def. Ex. C. )[3]  The notice, which Connor refused to

sign, stated that future misconduct "will result in further disciplinary action, suspension or

termination."  (Id.)  On July 6, 1995, Connor filed a union grievance against his manager, Mike

Majors, for allegedly not assigning him overtime hours.  On July 26, 1995, Majors was

supervising Connor when a confrontation occurred.  The parties dispute the details surrounding

this confrontation.  Giant alleges that Majors questioned Connor because he was not following

---

[2]Vacation relief workers are part-time workers hired for up to one year to replace
vacationing permanent workers.  (See Giant Mem. at 1.)

[3]The events surrounding issuance of this notice are in dispute.  Giant states that Connor
was called into the office of his manager, Karl Vollmerhausen, to discuss his uncooperative
behavior.  According to Giant, Connor became belligerent and told Vollmerhausen that "he may
not be able to do anything while he was on Giant property, but once gone from here anything
could happen."  Connor also allegedly said that "when he got home he was going to pray for his
wife because he was probably going to wind up in the penitentiary."  Connor denies making any
threat to Vollmerhausen.  As discussed below, this factual dispute does not materially affect the
outcome of this motion.

instructions. In response, Connor then pushed a dolly of milk containers into Majors. Connor

then went into a tirade calling Majors a "dumb fuck," a "stupid bastard," and telling Majors that

"if you [Majors] don't stop talking to me [Plaintiff Connor], I'm going to do my best to kill you

and lose my job." Connor also stated that he was 58 years old and that Majors "could not take

what he could give out." Connor allegedly made these threatening comments while holding a

shovel. (Def. Mem. at 4.) Connor denies making any threat. (Pl. Opp. at 15.) As discussed

below, this factual dispute does not materially affect the outcome of this motion.

Connor was immediately suspended pending investigation. (See Garrett Decl. at 2, Def.

Ex. B.) Several grievance hearings were held involving Connor, Majors, Connor's shop steward,

union representatives and Giant management. Following these hearings, Maria Myers, general

manager of the Jessup warehouse, terminated Connor. (See Myers Decl. at ¶ 4; Letter from

Myers to Connor, Def. Ex. B.) Following his termination, Connor sought unemployment

benefits, but was denied because his alleged misconduct led to his termination.

(See Unemployment Insurance Appeals Decision, Def. Ex. 6.) Connor appealed the decision and

lost. Id.

## II.

### A.

To establish a prima facie case of discriminatory termination, Connor must show that "(1)

[he] is a member of a protected class; (2)[he] was qualified for [his] job and [his] job

performance was satisfactory; (3)[he] was fired; and (4) other employees who are not members

of the protected class were retained under apparently similar circumstances." Porter v. National

Con-Serv, Inc., 51 F.Supp.2d 656, 659 (D. Md. 1998) (citing Hughes v. Bedsole, 48 F.3d 1376,

1383 (4th Cir.1995)); see also Karpel v. Inova Health System Serv., 134 F.3d 1222, 1228 (4th Cir.1998). If the plaintiff establishes a prima facie case, the burden shifts to the employer to advance a legitimate, nondiscriminatory reason for the adverse employment action. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the employer successfully proffers such an explanation, the burden returns to the plaintiff to show that the proffered reason is a pretext for impermissible discrimination. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507-08 (1993). The first and third elements of a prima facie case are undisputed. Connor is African-American and he was fired.

The second and fourth elements of a prima facie case of discriminatory termination are disputed.[4] However, even assuming Connor could establish these elements, the termination of Connor was not discriminatory because Giant has set forth a legitimate, nondiscriminatory explanation for the termination and Connor is unable to establish pretext. Giant believed that Connor had verbally and physically threatened his manager. (See Termination Notice, Def. Ex. 5; Garret Decl., Def. Ex. B; Myers Decl. at ¶ 4; Letter from Myers to Connor, Def. Ex. B.) "While reviewing the employer's articulated reasons for discharge and the plaintiff's refutation

---

[4]These elements are in dispute because the parties dispute the events surrounding the incident with Majors that ultimately led to Connor's termination. If I were to accept Giant's explanation of the events, Connor could not establish that his performance was satisfactory or that Giant retained other employees in similar circumstances. However, since evidence is to be viewed in the light most favorable to the non-moving party, I will not decide which party's version of the incident with Majors is more accurate. I do note that Connor has presented no evidence that he did not threaten or yell at Majors other than his own bare denials. See Demesme v. Montgomery County Gov't, 63 F.Supp.2d 678, 683 (D. Md. 1999) (finding that the satisfactory performance element of a prima facie case was not met where "plaintiff dispute[d] the defendants' versions of the events resulting is disciplinary proceedings, [but] he ha[d] offered no evidence beyond his own bare denials"). As discussed below, even if Connor could establish a prima facie case, the termination was not discriminatory.

thereof, we must keep in mind that 'Title VII is not a vehicle for substituting the judgment of a court for that of the employer.'" DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998) (quoting  Jiminez v. Mary Washington Coll., 57 F.3d 369, 377 (4th Cir. 1995)).

Connor simply presents no evidence that this explanation is false.  The final decision to terminate Connor was made at a grievance hearing consisting of Connor, union representatives, and Giant management.  Following the meeting, Giant management believed that Connor screamed and insulted Majors, threatened to kill Majors and made this threat while holding a shovel.  (See Garrett Decl., Def. Ex. B.)  Although Connor disagrees with this decision, he presents no evidence that Giant did not actually believe the threats had taken place.  "[W]hen an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination."  DeJarnette, 133 F.3d at 299; see also Hawkins v. Pepsico, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (finding no pretext where the terminated plaintiff disagreed with her employer's evaluation of her work performance).

Plaintiff argues that Giant could not terminate Connor because there was an ineffective warning notice.  Connor contends that the warning notice he received following the 1993 confrontation was invalid in 1995 and could not serve as a basis for terminating Connor. (See Pl. Opp. at 29-31.)  Connor presents no evidence that Giant relied on the warning notice when firing Connor.  In fact, the union contract provides that "[t]he employer shall have the right to discharge or suspend any employee for good cause."  (See Union Local 922 Contract at 7, Pl. Ex. 5.)  Connor is unable to present any evidence that Giant's decision was not the true reason for Connor's termination.  Thus, there is no showing of pretext.  Accordingly, summary judgment is

-5-

granted on Plaintiff's Title VII claim concerning his termination.

B.

Giant next argues that it is entitled to summary judgment on Plaintiff's § 1981 claim. The same elements of a prima facie case are required for § 1981 as for Title VII. See Gairola v. Virginia, 753 F.2d 1281, 1285 (4th Cir. 1985). Because I have found no discrimination under Title VII, Plaintiff's § 1981 claim fails as a matter of law. See Causey, 162 F.3d at 804. Defendant's motion as to Plaintiff's § 1981 claim will be granted.

III.

Giant argues that it is entitled to summary judgment on Plaintiff's claim of discriminatory discharge under the Age Discrimination in Employment Act ("ADEA"). Plaintiff does not oppose Giant's argument in his opposition. To establish a prima facie under the ADEA a plaintiff must establish "that (1) the employee was a member of the protected group, i.e., over the age of 40; (2) he suffered an adverse employment action; (3) he was at the time meeting his employer's legitimate expectations; and (4) he was replaced by someone substantially younger or outside the protected group." Moore v. Board of Educ. for Talbott County, 63 F.Supp.2d 667, 671 (D. Md. 1999) (citing O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996). The first two elements are undisputed. Connor was over the age of 40 when he was terminated from Giant and he was terminated from his position at Giant.

Connor is unable to establish that someone substantially younger took his position. Connor states that Robert McClure took his position and cites to the affidavit of Tyrone Mundell and a locker assignment list in support of this argument. (See Pl. Opp. at 23.) However, the locker assignment list does not include the names of McClure or Connor and thus, provides no

-6-

support for Connor's argument. Additionally, Mundell states that Thomas McClure replaced Connor, but Plaintiff provides no other evidence that Robert McClure replaced him. Additionally, Robert McClure was made a permanent employee on the same day as Connor in 1984. (See Connor Dep. at 77-78.) Therefore, McClure was already working at Giant and seemingly could not have replaced Connor. More importantly, even if Connor could establish a prima facie case, he cannot show that Giant's legitimate, nondiscriminatory reason for terminating Connor was pretextual for the same reasons as he could not show pretext under Title VII. Accordingly, summary judgment is granted on Plaintiff's claim of discriminatory discharge under the ADEA.

A separate order is attached.


Date: _____

                                    _____
                                    J. Frederick Motz
                                    United States District Judge